

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 6, 1947

Hon. Carlos C. Ashley, Chairman
State Board of Control
Austin, Texas

> Opinion No. V-65
> Re: Authority of the Superintendent
> of the Terrell State Hospital
> to readmit a patient to the
> Terrell State Hospital who has
> been discharged, without the
> formalities of another trial.

Dear Sir:

  We are in receipt of your request for an opinion upon the above titled subject matter and quote from your letter as follows:

  "In November, 1936, a patient was duly committed to the Terrell State Hospital from Dallas County. Thereafter this patient was furloughed from said hospital in December, 1943, and was ultimately returned and discharged from said hospital in September, 1945. We are now advised that this person is in need of further hospitalization at one of our state hospitals, and we have been requested by the County Judge of Dallas County to advise the Superintendent of the Terrell State Hospital to accept this patient at the Terrell State Hospital without the formalities of another trial."

  Chapter 266, Senate Bill No. 46, of the Regular Session of the 48th Legislature, to which you refer, provides as follows:

  "The superintendent of any institution, after the examination as hereinafter provided, may permit any inmate thereof temporarily to leave such institution in charge of his guardian, relatives, friends, or by himself, for a period not exceeding twelve months, and may receive him when returned by any such guardian, relative, friend, or upon his own application, within such period, without any further order of commitment; but no patient, who has been charged with or convicted of some offense and been adjudged insane in accordance with the provisions of the code of criminal procedure, shall be permitted to temporarily leave such institution under any circumstances. The superintendent may require as a condition of such leave of absence, that the person in whose charge the patient is permitted to leave the institution shall make reports to him of the patient's condition. Any such superintendent, guardian, relative or friend may terminate such leave of absence at any time

and authorize the arrest and return of the patient. Any peace officer of this state shall cause such patient to be arrested and returned upon the request of any such superintendent, guardian, relative or friend. Any patient, except such as are charged with or convicted of some offense, who has been adjudged insane in accordance with the provisions of the code of criminal procedure, who has returned to the institution at the expiration of twelve months may be granted an additional leave of not to exceed two years, by the superintendent, or upon his recommendation."

Article 5552 of Vernon's Civil Statutes prescribes the issues of fact to be determined before the county judge upon a proceeding to commit a patient. Article 5553 directs that upon certain negative findings with respect to the patient's sanity, the defendant will be discharged.

Our State Hospitals are staffed with competent physicians and psychiatrists appropriate to the needs of such institutions. In the nature of such things, patients are committed to these institutions -- not for a definite term -- but for treatment and care until they die or have been discharged as cured. As we have already seen, there are provisions for leaves of absence, but these provisions accentuate the purpose of the commitment as above suggested.

While there is no express statute authorizing a final discharge and therefore termination of the institution's custody, treatment, and care of the patient, nevertheless, such power is implicit in the general plan of the state's care of the unfortunates.

It is the opinion of this department when such patient has been finally discharged by the hospital, such patient cannot be again admitted except upon trial as in the first place for commitment.

We follow Opinion No. O-685 by this department, copy of which we enclose.

### SUMMARY

1. Where a patient has been duly tried and committed to Terrell State Hospital, and has been duly discharged therefrom, such patient cannot thereafter be lawfully readmitted by the hospital without a new proceeding and another commitment as in the first place required.

APPROVED MAR. 6, 1947                           Yours very truly
/s/ Price Daniel                          ATTORNEY GENERAL OF TEXAS
ATTORNEY GENERAL                          By /s/ Ocie Speer
                                                  Ocie Speer
OS:acm:jrb                                        Assistant

APPROVED OPINION COMMITTEE BY BWB, Chairman